```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YELLOW CRANE HOLDINGS, LLC,                       :
                                                  :
                          Plaintiff,              :
                                                  :   14 Civ. 5675 (TPG)
                    v.                            :   15 Civ. 3336 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
------------------------------------------------------------------X
                                                  :
STONEHILL INSTITUTIONAL PARTNERS, L.P.            :
and STONEHILL MASTER FUND LTD.,                   :
                                                  :
                          Plaintiffs,             :
                                                  :   15 Civ. 4284 (TPG)
                    v.                            :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
------------------------------------------------------------------X
WHITE HAWTHORNE, LLC,                             :
                                                  :
                          Plaintiff,              :
                                                  :   1:15-cv-04767 (TPG)
                    v.                            :
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                          Defendant.              :
------------------------------------------------------------------X
```

**MEMORANDUM OF LAW OF THE REPUBLIC OF ARGENTINA IN OPPOSITION TO PLAINTIFFS' "ME TOO" MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Defendant the Republic of Argentina (the "Republic") submits this memorandum of law in opposition to plaintiffs' motions for partial summary judgment, dated June 16, 2015 through June 25, 2015, seeking relief in connection with the *pari passu* clause on behalf of four more plaintiffs purporting to hold close to $100 million in principal in additional claims.

The existing *pari passu* injunctions have had their intended effect of blocking contractually owed interest payments to the holders of some $28 billion in outstanding principal amount of restructured Republic indebtedness.  Notwithstanding this fact, the Court granted motions for partial summary judgment in 36 additional actions, covering more than 500 additional plaintiffs, who held judgments or claimed to hold bonds worth over $5.4 billion.  Order, *NML Capital, Ltd. v. Republic of Argentina*, 14 Civ. 8601 (TPG) (D.E. #20).  When those plaintiffs inevitably move for injunctive relief, and when their claims are added to the $1.6 billion already covered by the existing injunctions, the Court's orders would force the Republic to pay *over $7 billion* to holdout creditors any time it makes a payment of principal or interest to holders of Exchange Bonds.  Plaintiffs here ask that their claims for more than $100 million in principal be added to this mountain.

So as not to burden the Court with repetitive briefing, and to preserve all arguments for any future appellate review, the Republic incorporates the arguments set forth in its Memorandum of Law in Opposition to Motions for 526 Plaintiffs in 37 Actions Seeking Partial Summary Judgment, attached as Exhibit A to the Declaration of Elizabeth C. Block ("Block Decl.") and in its Memorandum of Law in Opposition to Plaintiffs Honero Fund I, LLC's and Trinity Investment Limited's "Me Too" Motions for Partial Summary Judgment, attached as Exhibit B to the Block Decl.  For the reasons set forth there, the Republic continues to oppose the entry of partial summary judgment.

As an initial matter, plaintiffs' motions in *Stonehill Institutional Partners, L.P., et al.*, No. 15 Civ. 4284, and *White Hawthorne, LLC*, No. 15 Civ. 4767, should be rejected as premature.  Under the Foreign Sovereign Immunities Act ("FSIA"), 22 U.S.C. § 1608(d), the Republic has sixty days after service to serve its answer or other responsive pleading.  This

period expires for the *Stonehill* action on August 3, 2015, and for the *White Hawthorne* action on August 21, 2015.  There is no basis for requiring the Republic to respond to a motion for partial summary judgment sooner than the minimum time period for a responsive pleading set out in the FSIA.

While Federal Rule 56(b), which governs the timing of summary judgment motions, does not state an exact date on which a plaintiff may first file such a motion, courts have consistently held that they may not be filed until the non-moving party has had an opportunity to respond to the complaint.  See *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) ("[C]ourts have denied pre-answer motions for summary judgment that seek a premature adjudication of a claim notwithstanding any technical compliance with the timing provisions of Rule 56."); *Cusamano v. Alexander,* 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) ("Plaintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint"); *Cole v. Fischer*, No. 08 Civ. 699, 2009 WL 2258341, at *2 (W.D.N.Y. July 29, 2009) (denying summary judgment motion because, *inter alia*, answer had not been filed).

This line of authority is consistent with the Rule 56 commentary, which states, *inter alia*, that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading."  Fed. R. Civ. P. 56 advisory committee's note, subdivision (b) (2010).  To the extent that the commentary suggests that some cases may warrant the filing of premature summary judgment motions, courts have made clear that there is no reason that that exception should extend to FSIA actions against foreign sovereigns.  *Silver Star Enters., Inc. v. M/V SARAMACCA*, No. Civ. A. 92-1297, 92-2802, 92-3077, 1992 WL 348420, at *2 (E.D. La. Nov. 18, 1992), *aff'd sub nom., Silver Star Enters., Inc. v. Suriname*, 55 F.3d 633 (5th Cir. 1995)

(If Rule 56 "were strictly applied in the context of a suit against a foreign state, summary judgment could be filed . . . and decided before the time to answer had expired; in effect, a *de facto* default judgment. This would run afoul of the FSIA's cautious view of default judgments.").

Second, summary judgment is not warranted based on plaintiffs' misreading of the *pari passu* clause. And as the Republic warned in its prior briefing:

> Not only would these injunctions be impossible to comply with, but the flood of 'me toos' demonstrates that if the Court grants the motions, the numbers at issue will only increase still further (there are $10 billion in judgments and claims in this Court alone), making compliance even more unattainable. No country the size of Argentina could afford to pay that amount without subjecting its economy and citizens to an unacceptable degree of catastrophic risk.

Block Decl. Ex. A at 3. Plaintiffs' motions here only further support the Republic's forewarning. For these reasons, and for the other reasons set forth in Exhibits A and B and incorporated here, plaintiffs' motions for partial summary judgment should be denied.

Dated: New York, New York
July 21, 2015

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: __/s/ Carmine Boccuzzi_____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000
Attorneys for the Republic of Argentina

Of Counsel:

Elizabeth C. Block

4