**DUANE MORRIS** LLP
By:   Anthony J. Costantini
      Suzan Jo
      Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WHITE HAWTHORNE, LLC,

    Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

    Defendant.

1:15-cv-04767 (TPG)

---

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SPECIFIC PERFORMANCE

In further support of its motion for specific performance, Plaintiff White Hawthorne, LLC ("Plaintiff") joins in the Reply Memorandum of Law in Support of the Motion by NML Capital, Ltd. for Specific Performance, dated October 9, 2015 ("NML's Reply Brief") to be filed in *NML Capital, Ltd. v. Republic of Argentina*, 14-cv-8601 (TPG) (S.D.N.Y.), since the movants therein also bought bonds issued pursuant to the 1994 FAA, seek specific performance on those bonds, and there is no need to inundate the Court with multiple memoranda of law making the same arguments.

In addition to the arguments set forth in NML's Reply Brief, the balance of equities also strongly favor granting Plaintiff's motion for specific performance because it would be fundamentally inequitable to bestow injunctive relief upon one group of bondholders while

denying such relief to other, similarly situated bondholders that also lack an adequate remedy at law to compensate them for Argentina's ongoing breach of the Pari Passu Clause.

Moreover, Defendant Republic of Argentina's ("Argentina") FSIA argument against granting specific performance to post-judgment creditors, while meritless on its face, is also wholly inapplicable to Plaintiff, which is a pre-judgment creditor.  *See* Memorandum of Law of the Republic of Argentina in Opposition to Motions in 45 Actions Seeking Specific Performance, at 9-12; Declaration of Elizabeth M. Hanly in Opposition to Motions in 45 Actions Seeking Specific Performance, Exh. A.

Finally, Argentina references the fact that Plaintiff's motion for summary judgment in this action has yet to be granted. (Opp. Br. at 7).  Argentina does not argue that this should serve as a basis for denying Plaintiff's motion for specific performance nor does Argentina cite any authority to support such a conclusion.  *Id.*  Rather, it is clear that in the interest of judicial economy, Plaintiff's motion for summary judgment and motion for specific performance should be granted concurrently as no prejudice (and much efficiency) would result from doing so.

Dated: New York, New York
       October 9, 2015       **DUANE MORRIS LLP**

By: /s/ Anthony J. Costantini
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Suzan Jo
E-mail: sjo@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000

*Attorneys for Plaintiff White Hawthorne, LLC*